*395
 
 Nash, C. J.
 

 We concur with bis Honor in tbe opinion given in tbis case. The deed containing tbe lease from tbe plaintiff to French was competent evidence, and French himself a competent witness for tbe plaintiff. Tbe case states that tbe lot, from which tbe bouse was removed, was owned in fee by tbe plaintiff; the act of removing tbe bouse from it by tbe defendant was a tort to be remedied, ordinarily, by an action of trespass
 
 vi et armis;
 
 but tbe plaintiff could not bring that action, because French, at tbe time it was committed, was in tbe actual possession of tbe lot, under* a lease from him. Tbe lease, therefore, itself, was pertinent evidence to show tbe illegal nature of tbe act complained of. Again, it was competent, if not necessary evidence to show, that, at tbe time tbe defendant removed tbe bouse, neither he nor French, tbe lessee, bad tbe right to do so. Tbe lease to French was for five years, commencing tbe first day of March, 1848, and ending tbe first day of March, 1853. Tbe lessee covenanted, that no building then on the lot, or which should thereafter be put upon it, should be removed off tbe lot “until tbe rents are fully paid and satisfied.” This covenant ran with tbe lease, and extended to tbe last moment of it. The house was removed, in 1849, four years before tbe expiration of tbe lease. To show the terms of tbe lease, it being reduced to writing, tbe deed itself was necessary evidence, so far as it was necessary to show those terms. French was a competent witness for tbe plaintiff, but not a necessary one. French had covenanted not to remove any house from the lot, until tbe rents were fully paid. What be could not legally do, bis vendee could not legally do. Tbe defendant purchased tbe building, subject to tbe restriction laid upon bis vendor; and to mate the removal of the house legal at any time, tbe burden of showing that tbe rents were fully paid, devolved on him. It was not therefore necessary, on the part of tbe plaintiff, to have introduced French in tbe first instance; but be had a right to do so. Again, the bouse was treated both by French and the defendant as personal property, and in every sale of personal property, tbe law implies a warranty of title by tbe vendor;
 
 *396
 
 and, therefoi’e, the vendee has, generally, a right of action against the vendor, if the latter has no title. Admitting, then, that the defendant had no notice of the covenant, on the part of French in his lease, but that he purchased in good faith, believing that he had a right to sell the house, then French would have been answerable to him for the full amount of the damages he might sustain by reason of the breach of his implied warranty. But French is also liable to the present plaintiff, his lessor, to the full amount of the damages sustained by him, in consequence of the breach of his covenant; and in each case, ordinarily, the measure of damages would be the same. French, therefore, having an interest on both sides, stood indifferent between them, and was a competent witness. The question as to the right of lessees to remove buildings erected to carry on trade does not arise in this case. French, the lessee, bound himself by express covenant, to remove no building until the whole rent was paid, and the case states that the rent was in arrears and the covenant allows him to remove any house he should erect after the expiration of the lease.
 

 There is no error in receiving the testimony,objected to, nor in the charge.
 

 Judgment is affirmed.